IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIMPSON BANKS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-117-WKW |
| | ) | [WO] |
| DOTHAN CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on March 1, 2017. When he filed suit, Plaintiff was incarcerated at the Houston County Jail in Dothan, Alabama. On March 14, 2017, the court directed Plaintiff to file an amended complaint. Doc. 4. The order advised Plaintiff that failure to comply with the order would result in a Recommendation that this case be dismissed. Doc. 4 at 2. Additionally, the court's March 14, 2017, order granting Plaintiff's request to proceed *in forma pauperis* informed him to immediately inform the court and Defendants or Defendants' counsel of record of any change in his address and cautioned him that failure to provide a correct address to this court within ten days following any change of address would result in the dismissal of this action. Doc. 3 at 2.

On April 7, 2017, Plaintiff's copy of an order entered March 23, 2017, was returned to the court marked as undeliverable because he was not at the last address he provided for service. The court entered an order on April 11, 2017, requiring that by April 21, 2017, Plaintiff show cause why his complaint should not be dismissed for his failure to keep the court apprised of his current address as directed in the court's March 14, 2017, order. Doc. 7. This order specifically cautioned Plaintiff that his failure to comply with the directives of the April 11 order would result in the

dismissal of this case. Doc. 7 at 2. A copy of the April 11 order was mailed to Plaintiff at the Houston County Jail, the last known service address he provided. Plaintiff's copy of the April 11 order was returned to the court on April 21, 2017, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that on or before **May 8, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and

waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of April 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE